**FILED**

OCT - **9** 2013

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )  No.
v.                             )
                               )  4:13CR418 CDP/NAB
HARRY OSAGHAEMORGAN,           )
                               )
                Defendant.     )

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

Between on or about January 27, 2012 to on or about May 22, 2012, in St. Louis County

within the Eastern District of Missouri, the defendant,

### HARRY OSAGHAEMORGAN,

a registrant authorized to dispense controlled substances, did knowingly and intentionally caused

to be dispensed and attempted to cause to be dispensed quantities of Oxycodone, Morphine and

Oxymorphone, Schedule II Controlled Substance drugs, Alprazolam (Xanax) and Diazapam

(Valium), Schedule IV Controlled Substance drugs, outside the scope of professional practice and

not for a legitimate medical purpose; and

committed a substantial step in furtherance thereof.

### MANNER AND MEANS

The defendant attempted to accomplish the objects of the scheme in the following manner

and through the following means:

1. From January 27, 2012 to May 22, 2012 the defendant, **HARRY**

OSAGHAEMORGAN was a medical doctor licensed to practice in Missouri.   As such, the defendant was an individual practitioner as defined in Title 21, Code of Federal Regulations, Section 1300.01(17) and permitted to dispense controlled substances in the course of professional practice.

2. The defendant, **HARRY OSAGHAEMORGAN**, was a registrant authorized to dispense controlled substances pursuant to Title 21, United States Code, Section 823.   In accordance with Code of Federal Regulations, Sections 1306.3 and 1306.4 defendant **HARRY OSAGHAEMORGAN**, as an individual practitioner, was authorized to prescribe controlled substances for a legitimate medical purpose in the usual course of his professional practice.

3.   Between January, 2012 and May, 2012, **HARRY OSAGHAEMORGAN** was employed as the sole physician for Doctor's Medical Center, a pain management clinic located at 2015 Smizer Station Road, Valley Park, Missouri.

4.   Doctor's Medical Center employed several office managers and staff that were paid $10 for every patient they were able to solicit via telephone to schedule an appointment to see defendant **HARRY OSAGHAEMORGAN** at the Doctor's Medical Center.

5.   In furtherance of this offense, the defendant **HARRY OSAGHAEMORGAN** wrote prescriptions including, but not limited to, persons requesting Schedule II and IV controlled substances.   In return for the prescription, the defendant required a cash payment from the individual.   These prescriptions were written with little or no medical examination and for no legitimate medical purpose.

6.   As part of, and during the four-month scheme, defendant **HARRY OSAGHAEMORGAN**, wrote approximately 1,300 prescriptions for the aforementioned Schedule II and IV controlled substance drugs, in the manner described in paragraph 5 above

2

and, in the corresponding time period, cash bank deposits in the amount of $195,481.67 were made in a Regions Bank account titled, "Doctor's Medical Center LLC."

7.   Within the relevant four month period, Doctor's Medical Center had 538 patients of record, only 10 of whom reported a Missouri address.   The remaining 528 patients reported residences in 19 various states with the majority, 246 patients, listing a home address in Kentucky. Further, 104 patients reported identical addresses; 25 of which were associated with more than one family name.

All in violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT II

The Grand Jury charges that:

On or about February 2, 2012, in St. Louis County, in the Eastern District of Missouri, the defendant,

## HARRY OSAGHAEMORGAN,

who at all relevant times was a registrant authorized to dispense controlled substances, did knowingly and intentionally attempt to cause to be dispensed a quantity of Oxycodone, a Schedule II Controlled Substance drug and Alprazolam (Xanax), a Schedule IV Controlled Substance drug, outside the course of professional practice and not for a legitimate medical purpose; and committed a substantial step in furtherance thereof;

In violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT III

The Grand Jury charges that:

On or about February 21, 2012, in St. Louis County, in the Eastern District of Missouri, the

3

defendant,

## HARRY OSAGHAEMORGAN,

who at all relevant times was a registrant authorized to dispense controlled substances, did

knowingly and intentionally attempt to cause to be dispensed a quantity of Oxycodone, a

Schedule II Controlled Substance drug and Alprazolam, a Schedule IV Controlled Substance drug,

outside the course of professional practice and not for a legitimate medical purpose; and

committed a substantial step in furtherance thereof.

In violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### COUNT IV

The Grand Jury charges that:

On or about March 1, 2012, in St. Louis County, in the Eastern District of Missouri, the

defendant,

## HARRY OSAGHAEMORGAN,

who at all relevant times was a registrant authorized to dispense controlled substances, did

knowingly and intentionally attempt to cause to be dispensed a quantity of Oxycodone, a

Schedule II Controlled Substance drug and Diazepam (Valium), a Schedule IV Controlled

Substance drug, outside the course of professional practice and not for a legitimate medical

purpose; and committed a substantial step in furtherance thereof.

In violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### COUNT V

The Grand Jury charges that:

On or about March 20, 2012, in St. Louis County, in the Eastern District of Missouri, the

defendant,

4

**HARRY OSAGHAEMORGAN,**

who at all relevant times was a registrant authorized to dispense controlled substances, did

knowingly and intentionally attempt to cause to be dispensed a quantity of Oxycodone, a

Schedule II Controlled Substance drug and Diazepam (Valium), a Schedule IV Controlled

Substance drug, outside the course of professional practice and not for a legitimate medical

purpose; and committed a substantial step in furtherance thereof.

In violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an

offense in violation of Title 21, United States Code, Sections 841 and 846 as set forth in Counts I

through VI of the Indictment, the defendant shall forfeit to the United States of America:

a.      any property, constituting, or derived from, any proceeds the defendants
obtained, directly or indirectly, as a result of such violations;

b.      any property used, or intended to be used, in any manner or part to commit or
to facilitate the commission of such violations; and

2.      Subject to forfeiture is a sum of money equal to the total value of any property, real

or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of

violation of the offenses charged in Counts I through VI.

3.      Specific property subject to forfeiture includes, but is not limited to, the following:

a.      approximately $37,192.88 in United States currency;

b.      approximately $5,792.62 in United States currency.

4.      If any of the property described above, as a result of any act or omission

of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

21 U.S.C. § 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
UNITED STATES ATTORNEY

_____
JOHN T DAVIS, #40915MO
Assistant United States Attorney